DA 09-0205

IN THE SUPREME COURT OF THE STATE OF MONTANA

2010 MT 21N

PAUL F. McDOWELL, KATHLEEN A. HEIDE, MARY
ELLEN BARTHOLOMEW and EILEEN McDOWELL,

      Plaintiffs and Appellees,

  v.

THOMAS A. McDOWELL,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Twentieth Judicial District,
                   In and For the County of Sanders, Cause No. DV 06-192
                   Honorable Deborah Kim Christopher, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Joseph C. Engel, III, Attorney at Law, Great Falls, Montana

      For Appellees:

          Doug Scotti; Morrison & Frampton, Whitefish, Montana

                              Submitted on Briefs:  January 7, 2010

                                      Decided:  February 3, 2010

Filed:

            _____
                           Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2006, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Thomas A. McDowell (Thomas) appeals from an order of the Twentieth Judicial District Court, Sanders County, ordering the partition by sale of real property owned by Thomas and his siblings (Siblings) as tenants in common. We affirm.

¶3      The parties' parents, Thomas E. McDowell and Janice McDowell (Father and Mother), acquired, as joint tenants, the forty-acre parcel by warranty deed in 1969. Father and Mother executed a property settlement agreement as part of their marriage dissolution on December 30, 1971. The settlement stipulated that Father would have the property surveyed into five tracts of eight acres each and that he would convey one tract to each of the five children.

¶4      Father and Mother divorced in February of 1972. The divorce decree explicitly incorporated the property settlement agreement. The divorce decree did not order specific performance of the property settlement agreement. Mother executed a quitclaim deed granting her interest in the property to Father. Father never had the property surveyed or divided as stipulated by the property settlement agreement. Father instead executed a warranty deed granting the property to the five children on August 31, 1972. Father lived on the property until his death in May of 1995.

2

¶5     Thomas moved onto the property with Siblings' permission in November of 1999. Siblings agreed that Thomas could live on the property on a temporary basis if he maintained it and paid the property taxes. Thomas paid the property taxes sporadically between 1999 and 2004, and made changes to the property without Siblings' permission. Thomas operated a business on the property, also without Siblings' permission.

¶6     Siblings informed Thomas that they wished to sell the property. The parties met on the property in July of 2004 to discuss sale of the property. Thomas opposed the sale. Siblings filed their complaint and request for partition shortly thereafter.

¶7     Thomas claims that his status as a third party beneficiary entitles him to specific performance of the 1971 property settlement agreement. Thomas further claims that the 1972 warranty deed executed by Father was void *ab initio* because Father did not own the property in fee simple. Thomas argues in addition that he had obtained title to the property through adverse possession.

¶8     The District Court made extensive findings of fact and conclusions of law. The court recognized that "the parties are deadlocked and at an impasse relative to their co-ownership and management of the property." The District Court determined that partition by sale promoted the best interests of the parties and that Siblings would be prejudiced by anything other than partition by sale and division of the proceeds.

¶9     The District Court determined that the 1972 warranty deed executed by Father was valid on its face and superseded the 1971 property settlement agreement. Neither the property settlement agreement nor the divorce decree mentioned specific performance of the property settlement agreement. The court concluded, therefore, that Thomas did not qualify

3

as a third party beneficiary to an agreement with the force and effect of law, and also that he lacked standing to enforce the 1971 property settlement agreement. The District Court determined that all five children owned the property in fee simple as tenants in common. Thomas's failure to pay taxes on the property for the five year statutory period required by § 70-19-411, MCA, defeated his adverse possession claim.

¶10 Thomas argues on appeal that the District Court improperly adopted Siblings' proposed findings of fact and conclusions of law verbatim. We review a district court's findings of fact to determine whether the court's findings are clearly erroneous. *In re Williams*, 2009 MT 282, ¶ 14, 352 Mont. 198, 217 P.3d 67. We review a district court's conclusions of law for correctness. *Id.*

¶11 We have determined to decide this case pursuant to Section I, Paragraph 3(d), of our 1996 Internal Operating Rules, as amended in 2006, that provide for memorandum opinions. It is manifest on the face of the briefs and the record before us that substantial evidence supports the District Court's findings of fact and that the District Court correctly applied the law.

¶12 Affirmed.

/S/ BRIAN MORRIS


We Concur:

/S/ MIKE McGRATH
/S/ JAMES C. NELSON
/S/ PATRICIA O. COTTER
/S/ W. WILLIAM LEAPHART